UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


**OWEN HARTY**, Individually,

    Plaintiff,

v.                                                              Case No. 1:14-cv-24897-JLK

**THE MARQUEZ FAMILY, INC.,
CASTAN, INC, J & L PROFESSIONAL
ACCOUNTING, INC., &
PARSLEY ENTERPRISES, INC.**

    Defendants,
_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANT, PARSLEY ENTERPRISES, INC**.

    Plaintiff, Owen Harty, by and through his undersigned counsel and pursuant to Rule 56, *Fed.R.Civ.P.*, move this Court for entry of summary judgment against Defendant, Reap, Inc., and in support of this motion would show the Court that there are no issues of material fact and that the Plaintiff is entitled to judgment in his favor as a matter of law. More specifically:

    1. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. See also 28 U.S.C. § 2201 and § 2202.

    2. Plaintiff is mobility impaired. (Statement of Material Facts, ¶ 1). Mr. Harty

therefore qualifies as a disabled person within the meaning of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12181, *et seq*.

3. Defendant owns operates, leases or leases to, a parcel of real property located at 4273 E. 4th Ave. Hialeah, Miramar, Florida ("the property"). The Defendant's property is a place of public accommodation within the meaning of the law (Statement of Material Facts, ¶ 6 & 11, sub.4) .

4. Defendant is responsible for complying with the obligations of the ADA.

5. Before this lawsuit was filed, the Plaintiff visited the property (Statement of Material Facts, ¶ 3).

6. While there, he encountered and observed conditions that both deprived him of the opportunities offered to the non-disabled public of enjoying equal access to the full advantages, benefits, goods and services available at the property and also segregated him from the able bodied, and treated them differently than members of the non-disabled public (Statement of Material Facts, ¶ 3 &4).

7. The barriers the Plaintiff encountered included the following: the lack of a properly marked handicapped space that is level, has an even surface with a compliant access aisle, and compliant signage.  There was a non-compliant ramp and a threshold at the front door that was not at a compliant height. .(Statement of Material Facts, ¶ 3).

8. The conditions at the property were such that it appeared that nobody at the Defendant's property ever did anything to monitor the conditions to make sure everything was accessible and the accessible features that had fallen into disrepair and were not maintained (Statement of Material Facts, ¶ 4).

9. On or about November 20, 2014, an ADA compliance inspection was conducted by Carlos Herrera. The report, together with Mr. Herrera's credentials and an authenticating affidavit, accompany the separately filed Statement of Material Facts and are identified as Exhibit "2." That report established that numerous barriers to access existed and that remediation was readily achievable.

10. The existence of those barriers discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

11.  The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations. Mr. Harty and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

12.  Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Injunctive relief is required both to compel compliance and insure continued compliance. Neither post lawsuit compliance nor promises of such compliance are sufficient to defeat a request for injunctive relief. *Sheeley v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007).

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met

by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

18. A Statement of Material Facts and memorandum of law are filed separately.

**WHEREFORE**, Plaintiff request this Court enter summary judgment requiring Defendant to bring its property into compliance with the ADA, or ordering the same closed until compliance is achieved, require the Defendant adopt and enforce policies to insure continued compliance, and award the Plaintiff his costs, including expert witness fees, and attorney's fees.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 15, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Philip Michael Cullen, III, Esq.*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone; (954) 462-0600
Facsimile: (954) 462-1717
cullen@thomasbaconlaw.com